MERRILL SMITH *et al.* v. MARTIN CLINE.

*Error from Morris County.*

The limitation prescribed in the Code of 1858 in actions for trespass to person was one year.

The decision in Elliott *v.* Lochnane, [1 Kans. R., 126,] that the limitation of that Code applied to causes of action which had accrued prior to April 1st, the time the act went into operation, where no suit thereon had previously been commenced,—*confirmed.*

*Held* that such a cause of action accruing March 29th, 1857, was barred before Feb. 8th, 1859.

The facts of the case sufficiently appear in the opinion of the court.

It may be proper to state that the action was for injury to the person, and the question arose on demurrer to the answer setting up the statute of limitations.

*By the Court*, CROZIER, C. J.

The only question presented upon which it is necessary to express an opinion, is whether the action was barred by the limitation provisions of the Code of 1858? The limitation prescribed in that act, in such cases, was one year. The petition alleged the trespass complained of to have been committed March 29th, 1857, and the suit was commenced Feb. 8th, 1859.

In the case of Elliot *v.* Lochnane, (1 Kans. 126,) this court held that the limitation clauses of the Code of 1858, which took effect April 1st of that year, applied to causes of action which had accrued prior to that time, upon which suit had not been brought. Being still of opinion that that was the proper construction of the act, we must hold that the right of action in the case at bar, was barred at the time the suit was commenced.

The judgment will be reversed and the cause sent back with instructions to the District Court to overrule the demurrer to the answer setting up the limitation.